DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Natalie Haritoonian (SBN 324318)
natalie@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

UNITED EMPLOYEES LAW GROUP, PC
Walter Haines (SBN 71075)
whaines@uelg.com
5500 Bolsa Ave., Suite 201
Huntington Beach, CA 92649
Telephone: (310) 652-2242

Attorneys for Plaintiff ANTHONY COE,
on behalf of himself and others similarly situated

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY COE, an individual on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC CHOICE SEAFOOD COMPANY, an Oregon corporation; PACIFIC SEAFOOD, a business entity of unknown form; RESOURCE STAFFING GROUP, INC., an Oregon corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:20-cv-00585-JAM-JDP<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon. John A. Mendez<br>Courtroom 6, 14th Floor<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. Failure to Pay Minimum Wages;<br>2. Failure to Pay Wages and Overtime Under Labor Code § 510;<br>3. Failure to Pay Reporting Time Pay;<br>4. Violation of Labor Code § 226(a);<br>5. Violation of Labor Code § 203;<br>6. Violation of Labor Code § 204;<br>7. Failure to Keep Required Payroll Records under Labor Code §§ 1174 and 1174.5;<br>8. Failure to Reimburse Necessary Business Expenses;<br>9. Violation of Business & Professions Code § 17200 *et seq.*; and<br>10. Penalties under PAGA, Labor Code § 2698<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.    Plaintiff ANTHONY COE ("Plaintiff") brings this action on behalf of himself and the Class Members who are defined as "all current and former employees within the State of California who, at any time from four (4) years prior to the filing of this lawsuit, are or were employed as non-exempt hourly employees by Defendants PACIFIC CHOICE SEAFOOD COMPANY, PACIFIC SEAFOOD, and RESOURCE STAFFING GROUP, INC., and DOES 1 through 50" (all defendants being collectively referred to herein as "Defendants").

2.    Plaintiff alleges that Defendants, and each of them, violated various provisions of the California <u>Labor Code</u>, relevant orders of the Industrial Welfare Commission (IWC), and the California <u>Business & Professions Code</u>, and seeks redress for these violations.

3.    Upon information and belief, Plaintiff was employed by Defendants and (1) shared similar job duties and responsibilities; (2) was subjected to the same policies and practices; and (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions.

THE PARTIES

**A.    The Plaintiff**

4.    Plaintiff ANTHONY COE resides in California, during the time period relevant to this Complaint, was employed by Defendants as a non-exempt hourly employee within the State of California.

**B.    The Defendants**

5.    Defendant PACIFIC CHOICE SEAFOOD COMPANY is an Oregon corporation and is registered with the California Secretary of State and lists its type of business as "seafood processing." Defendant PACIFIC CHOICE SEAFOOD COMPANY has been the employer listed on the wage statements and employment records issued to Plaintiff during the relevant time period that Plaintiff was employed with Defendants. Upon information and belief, PACIFIC CHOICE SEAFOOD COMPANY jointly employs Class Members with Defendants PACIFIC SEAFOOD, and RESOURCE STAFFING GROUP, INC.

6.    Defendant PACIFIC SEAFOOD is a business entity of unknown form and has been

the employer listed on the wage statements and employment records issued to Plaintiff during the relevant time period that Plaintiff was employed with Defendants. Upon information and belief, PACIFIC SEAFOOD jointly employs Class Members with Defendants PACIFIC CHOICE SEAFOOD COMPANY and RESOURCE STAFFING GROUP, INC.

7.    Defendant RESOURCE STAFFING GROUP, INC. is an Oregon corporation and is registered with the California Secretary of State and lists its type of business as "staffing service". Defendant RESOURCE STAFFING GROUP, INC., has been the employer listed on the wage statements and employment records issued to Plaintiff during the relevant time period that Plaintiff was employed with Defendants. Upon information and belief, RESOURCE STAFFING GROUP, INC jointly employs Class Members with Defendants PACIFIC CHOICE SEAFOOD COMPANY and PACIFIC SEAFOOD.

8.    The true names and capacities, whether individual, corporate, associate, or whatever else, of the Defendants sued herein as Does 1 through 50, inclusive, are currently unknown to Plaintiff, who therefore sue these Defendants by such fictitious names under Code of Civil Procedure § 474. Plaintiff is informed and believes and thereon alleges that Defendants designated herein as Does 1 through 50, inclusive, and each of them, are legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as Does 1 through 50 when their identities become known.

9.    Plaintiff is informed and believes and thereon alleges that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, that Defendants carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants acted in all respects as the employers or joint employers of Class Members. Defendants, and each of them, exercised control over the wages, hours or working conditions of Class Members, or suffered or permitted Class Members to work, or engaged, thereby creating a common law employment relationship, with Class Members. Therefore, Defendants, and each of them, employed or jointly employed Class Members.

FIRST AMENDED CLASS ACTION COMPLAINT

10.     Whenever and wherever reference is made in this Complaint to any act by a defendant or defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each defendant acting individually, jointly, and severally.

11.     Whenever and wherever reference is made to individuals who are not named as a Defendant in this Complaint but were agents, servants, employees and/or supervisors of Defendants, such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

**JURISDICTION AND VENUE**

12.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure § 410.10 and California Business & Professions Code § 17203. This Action is brought as a Class Action on behalf of similarly situated Class Members of Defendants pursuant to California Code of Civil Procedure § 382. Venue as to Defendants is also proper in this judicial district pursuant to California Code of Civil Procedure § 395 *et seq*. Upon information and belief, the obligations and liabilities giving rise to this lawsuit occurred in part in Sacramento County. Defendants maintain and operate facilities in Sacramento County, and employs Class Members in Sacramento County, while doing business throughout California.

**FACTUAL BACKGROUND**

13.     Class Members consistently worked at Defendants behest without being paid all wages due. Class Members were either not paid by Defendants for all hours worked or were not paid at the appropriate minimum, regular and overtime rates. Plaintiff also contends that Defendants failed to pay Class Members all wages due and owing, including by requiring off the clock work, failing to pay for reporting time pay, failing to furnish accurate wage statements, failing to timely pay wages including final wages; failing to maintain accurate records, and failing to reimburse for necessary business expenses all in violation of various provisions of the California Labor Code and applicable Wage Orders.

14.     During the course of Class Members' employment with Defendants, they were not paid all wages they were owed, including for all work performed resulting in off the clock work. Specifically, at the beginning of the Class Members' shift, they had to put on their protective gear

1    and then clock into the timekeeping system and also towards the end of their shift they had to

2    clock out of the timekeeping system and then take their protective gear off. Additionally, Class

3    Members had to wait in line to use the timekeeping system before they were able to clock in.

4        15.    Additionally, Defendant required Class Members to report for regularly scheduled

5    work day to be told whether work was available for them or not, and when there was no work

6    available, Class Members would be sent home after waiting for as many as several hours. On such

7    days when Defendant required Class Members to report to work only to be sent home because

8    work was not available, they were not paid required reporting time wages for the hours they

9    waited without receiving their regular hourly rate of pay for them. When they were thereafter sent

10   home by Defendants because work was not available on that day, Defendant failed to pay them

11   reporting time pay.

12       16.    By implementing policies, programs, practices, procedures and protocols which

13   resulted in off the clock work and the lack of compensation for reporting time pay and

14   systematically failed to pay for all hours worked, Defendants' willful actions resulted in the

15   systematic underpayment of wages to Class Members, including underpayment of overtime pay to

16   Class Members over the relevant time period. For example, the above described off the clock work

17   addressed above caused Plaintiff to begin receiving overtime pay later than they should have.

18       17.    As a result of the above described requirements to work off the clock and the lack

19   of compensation for reporting time pay and the other wage violations they endured at Defendants'

20   hands, Class Members were not properly paid all wages earned and all wages owed to them by

21   Defendants, including when working more than eight (8) hours in any given day and/or more than

22   forty (40) hours in any given week.

23       18.    As a result of Defendants' unlawful policies and practices, Class Members incurred

24   overtime hours worked for which they were not adequately and completely compensated, in

25   addition to the hours they were required to work off the clock. To the extent applicable,

26   Defendants also failed to pay Class Members at an overtime rate of 1.5 times the regular rate for

27   the first eight hours of the seventh consecutive work day in a week and overtime payments at the

28   rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work

1  day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

2    19.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

3  continuing to the present, Defendants had a consistent policy or practice of failing to pay Class

4  Members for all hours worked, and failing to pay minimum wages for all time worked, as required

5  by California law. Defendants thus failed to pay Class Members at least minimum wages for all

6  the time they worked for Defendants in violation of the <u>Labor Code</u> and applicable IWC Wage

7  Orders as the actual times when Class Members were under the control and direction of

8  Defendants was under reported in the hours reflected on the timekeeping records. Furthermore,

9  Defendants' willful actions resulted in the systematic underpayment of wages to Class Members,

10  including underpayment of overtime pay to Class Members over a period of time.

11    20.    Therefore, from at least four (4) years prior to the filing of this lawsuit and

12  continuing to the present, Defendants had a consistent policy or practice of failing to pay Class

13  Members for all hours worked. Also, from at least four (4) years prior to the filing of this lawsuit

14  and continuing to the present, Defendants also had a consistent policy or practice of failing to pay

15  Class Members their true and correct overtime compensation at premium overtime rates for all

16  hours worked in excess of eight (8) hours a day and/or forty (40) hours a week, and double-time

17  rates for all hours worked in excess of twelve (12) hours a day, in violation of <u>Labor Code</u> § 510

18  and the corresponding sections of IWC Wage Orders.

19    21.    Defendants also consistently failed to issue accurate itemized wage statements as

20  required by <u>Labor Code</u> § 226(a). Specifically, the wage statements given to Class Members failed

21  to accurately account for unpaid wages and overtime because their actual hours worked were

22  under-reported due to off the clock work and also because Defendants failed to pay them for

23  reporting time pay.

24    22.    From at least four (4) years prior to filing this lawsuit and continuing to the present,

25  Defendants have thus also had a consistent policy of failing to pay all wages owed to Class

26  Members at the time of their termination of within seventy-two (72) hours of their resignation, as

27  required by California wage-and-hour laws. Specifically, Defendants failed to pay Plaintiff for all

28  wages due and certain at the time of his termination in compliance with <u>Labor Code</u> §§ 201-203.

Instead, Defendants waited until the next scheduled pay date to give Plaintiff his final check which was two weeks after he had been terminated. Upon information and belief, Defendants implemented the same policy and procedure for Class Members as well. Additionally, these Class Members were not paid all regular and overtime wages because Defendants failed to pay for all hours worked including for reporting time pay and also for off the clock work . Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

23.    Additionally, from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants have regularly required Class Members to incur business expenses in the course of performing their required job duties for Defendants, namely, the cost of cellular telephone services which Class Members were required to use in order to execute their duties under Defendants' employ. These expenses incurred by Class Members were necessary and required of them in performing their assigned job duties, but Defendants failed to reimburse Class Members for all such necessary expenditures, thus entitling them to reimbursement according to proof as required under Labor Code § 2802 and the applicable provisions of the IWC Wage Orders.

24.    In light of the foregoing, Plaintiff and Class Members bring this action pursuant to, *inter alia*, Labor Code §§ 201, 202, 203, 204, 226, 226.3, 510, 558, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1199, 2802, 2698, and 2699 *et seq.* and California Code of Regulations, Title 8, section 11000 *et seq*.

25.    Furthermore, pursuant to Business and Professions Code §§ 17200-17208, Plaintiff and the Class Members seek injunctive relief, restitution, and disgorgement of all benefits Defendants have enjoyed from their violations of Labor Code and the other unfair, unlawful, or fraudulent practices alleged in this Complaint.

## **CLASS ALLEGATIONS**

26.    Plaintiff seeks to represent the Subclasses composed of and defined as follows:

a.    Subclass 1.   Minimum Wages Subclass. All Class Members who were not compensated for all hours worked for Defendants at the applicable minimum wage.

b.    <u>Subclass 2.   Wages and Overtime Subclass</u>. All Class Members who were not compensated for all hours worked for Defendants at the required rates of pay, including for all hours worked in excess of eight in a day and/or forty in a week.

c.    <u>Subclass 3. Reporting Time Pay Subclass</u>. All Class Members who, within the applicable limitations period, were not paid reporting time pay.

d.    <u>Subclass 4.  Wage Statement Subclass</u>. All Class Members who, within the applicable limitations period, were not provided with accurate itemized wage statements.

e.    <u>Subclass 5.  Termination Pay Subclass</u>. All Class Members who, within the applicable limitations period, either voluntarily or involuntarily separated from their employment and were subject to Defendants' policy and/or practice of failing to timely pay wages upon termination.

f.    <u>Subclass 6: Failure to Timely Pay Wages Twice Monthly Subclass</u>.  All Class Members who were subject to Defendants' policy and practice of not timely paying all wages earned when they were due and payable at least twice monthly.

g.    <u>Subclass 7.  Expense Reimbursement Subclass</u>. All Class Members who incurred necessary and reasonable expenses in connection with performing their job duties for Defendant and who were subject to a policy and/or practice under which such expenses were not reimbursed.

h.    <u>Subclass 8.  UCL Subclass</u>. All Class Members who are owed restitution as a result of Defendants' business acts and practices, to the extent such acts and practices are found to be unlawful, deceptive, and/or unfair.

27.    Plaintiff reserves the right under <u>California Rule of Court</u> 3.765 to amend or modify the class description with greater particularity or further division into subclasses or limitation to particular issues. To the extent equitable tolling operates to toll claims by the Class against Defendants, the Class Period should be adjusted accordingly.

28.    Defendants, as a matter of company policy, practice and procedure, and in violation of the applicable <u>Labor Code</u>, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and willfully, engaged

in a practice whereby Defendants failed to correctly calculate compensation for the time worked by Class Members, even though Defendants enjoyed the benefit of this work, required Class Members to perform this work and permitted or suffered to permit this work. Defendants have uniformly denied these Class Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit.

29.    This action has been brought and may properly be maintained as a class action under the provisions of <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in litigation and proposed class is easily ascertainable.

**A.    Numerosity**

30.    The potential members of the class as defined are so numerous that joinder of all the member of the class is impracticable. While the precise number of class member has not been determined at this time, Plaintiff is informed and believes that Defendants employ or, during the time period relevant to this lawsuit, hundreds of employees who satisfy the Class definition within the State of California.

31.    Accounting for employee turnover during the relevant time period increases this number substantially. Plaintiff alleges that Defendants' employment records will provide information as to the number and location of all Class Members.

**B.    Commonality**

32.    There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members. These common questions of law and fact include:

a.    Whether Defendants failed to pay Class Members minimum wages;

b.    Whether Defendants failed to pay Class Members wages for all hours worked;

c.    Whether Defendants failed to pay Class Members overtime as required under <u>Labor Code</u> § 510;

d.    Whether Defendant failed to pay reporting time pay;

f.    Whether Defendants violated <u>Labor Code</u> § 226(a) by providing Class Members with inaccurate wage statements;

FIRST AMENDED CLASS ACTION COMPLAINT

g.    Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination of employment;

h.    Whether Defendants' conduct was willful;

i.    Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

j.    Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all Class Members during the relevant time period for all hours worked, whether regular or overtime;

k.    Whether Defendants violated <u>Labor Code</u> § 204 by failing to timely pay wages;

l.    Whether Defendants violated <u>Labor Code</u> § 2802 by failing to reimburse all necessary business expenses Defendants required them to incur in performing their job duties;

m.    Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*; and

n.    Whether Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq.*

**C.    Typicality**

33.    The claims of the named plaintiff is typical of those of Class Members. The Class Members all sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of statutes, as well as regulations that have the force and effect of law, as alleged herein.

**D.    Adequacy of Representation**

34.    Plaintiff will fairly and adequately represent and protect the interest of the Class Members. Counsel who represents Class Members are experienced and competent in litigating employment class actions.

**E.    Superiority of Class Action**

35.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and

1    questions of law and fact common to all Class Members predominate over any questions affecting

2    only individual Class Members. Each Class Member has been damaged and is entitled to recovery

3    by reason of Defendants' illegal policies or practices of failing to compensate Class Members

4    properly.

5        36.    As to the issues raised in this case, a class action is superior to all other methods for

6    the fair and efficient adjudication of this controversy, as joinder of all Class Members is

7    impracticable and many legal and factual questions to be adjudicated apply uniformly to all Class

8    Members. Further, as the economic or other loss suffered by vast numbers of Class Members may

9    be relatively small, the expense and burden of individual actions makes it difficult for the Class

10    Members to individually redress the wrongs they have suffered. Moreover, in the event

11    disgorgement is ordered, a class action is the only mechanism that will permit the employment of

12    a fluid fund recovery to ensure that equity is achieved. There will be relatively little difficulty in

13    managing this case as a class action, and proceeding on a class-wide basis will permit Class

14    Members to vindicate their rights for violations they endured which they would otherwise be

15    foreclosed from receiving in a multiplicity of individual lawsuits that would be cost prohibitive to

16    them.

17        37.    Class action treatment will allow those persons similarly situated to litigate their

18    claims in the manner that is most efficient and economical for the parties and the judicial system.

19    Plaintiff is unaware of any difficulties in managing this case that should preclude class treatment.

20    Plaintiff contemplates the eventual issuance of notice to the proposed Class Members that would

21    set forth the subject and nature of the instant action. The Defendants' own business records can be

22    utilized for assistance in the preparation and issuance of the contemplated notices. To the extent

23    that any further notice is required additional media and/or mailings can be used.

24        38.    Defendants, as prospective and actual employers of the Class Members, had a

25    special fiduciary duty to disclose to prospective Class Members the true facts surrounding

26    Defendants' pay practices, policies and working conditions imposed upon Class Members as well

27    as the effect of any alleged arbitration agreements that may have been forced upon them. In

28    addition, Defendants knew they possessed special knowledge about pay practices and policies,

most notably intentionally refusing to pay for all hours actually worked which should have been recorded in Defendants' pay records and the consequence of the alleged arbitration agreements and policies and practices on Class Members.

39.    Class Members did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiff's and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiff and the Class Members discovered their claims.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGES

### (Against All Defendants)

40.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

41.    Defendants failed to pay Class Members minimum wages for all hours worked. Defendants had a consistent policy of misstating Class Members' time records and failing to pay Class Members for all hours worked. Class Members would work hours and not receive wages, including as alleged above in connection with off the clock work. Defendants, and each of them, have intentionally and improperly changed, adjusted and/or modified the hours of Class Members, which resulted in off the clock work and underpayment of all wages owed to Class Members over a period of time, while benefiting Defendants. During the relevant time period, Defendants thus regularly failed to pay minimum wages to Class Members, to their detriment. Defendants' uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the Class as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to Class Members as to minimum wage pay.

42.    In California, employees must be paid at least the then applicable state minimum wage for all hours worked. (IWC Wage Order MW-2014). Additionally, pursuant to California Labor Code § 204, other applicable laws and regulations, and public policy, an employer must

1    timely pay its employees for all hours worked. Defendants failed to do so.

2        43.    California <u>Labor Code</u> § 1197, entitled "Pay of Less Than Minimum Wage" states:

3    "The minimum wage for employees fixed by the commission is the minimum wage to be paid to

4    employees, and the payment of a less wage than the minimum so fixed is unlawful."

5        44.    The applicable minimum wages fixed by the commission for work during the

6    relevant period is found in Paragraph 4(A)-4(D) of the IWC Wage Orders.

7        45.    The minimum wage provisions of California <u>Labor Code</u> are enforceable by private

8    civil action pursuant to <u>Labor Code</u> § 1194(a) which states: "Notwithstanding any agreement to

9    work for a lesser wage, any employee receiving less than the legal minimum wage or the legal

10   overtime compensation applicable to the employee is entitled to recover in a civil action the

11   unpaid balance of the full amount of this minimum wage or overtime compensation, including

12   interest thereon, reasonable attorney's fees and costs of suit."

13       46.    As described in California <u>Labor Code</u> §§ 1185 and 1194.2, any action for wages

14   incorporates the applicable Wage Order of the California Industrial Welfare Commission. Also,

15   California <u>Labor Code</u> §§ 1194, 1197, 1197.1 and those Industrial Welfare Commission Wage

16   Orders entitle non-exempt employees to an amount equal to or greater than the minimum wage for

17   all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may

18   be used as a credit against a minimum wage obligation.

19       47.    In committing these violations of the California <u>Labor Code</u>, Defendants

20   inaccurately recorded, or required Class Members to input times that did not reflect their actual

21   hours worked, or calculated the correct time worked and consequently underpaid the actual time

22   worked by Class Members. Defendants acted in an illegal attempt to avoid the payment of all

23   earned wages, and other benefits in violation of the California <u>Labor Code</u>, the Industrial Welfare

24   Commission requirements and other applicable laws and regulations. As a result of these

25   violations, Defendant also failed to timely pay all wages earned in accordance with California

26   <u>Labor Code</u> § 1194.

27       48.    California <u>Labor Code</u> § 1194.2 also provides for the following remedies: "In any

28   action under Section 1194 . . . to recover wages because of the payment of a wage less than the

minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

49.    In addition to restitution for all unpaid wages, pursuant to California Labor Code § 1197.1, Class Members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

50.    Pursuant to California Labor Code § 1194.2, Class Members are further entitled to recover liquidated damages in an amount equal to wages unlawfully unpaid and interest thereon.

51.    Defendants have the ability to pay minimum wages for all time worked and have willfully refused to pay such wages with the intent to secure for Defendants a discount upon this indebtedness with the intent to annoy, harass, oppress, hinder, delay, or defraud Class Members.

52.    Wherefore, Class Members are entitled to recover the unpaid minimum wages (including double minimum wages), liquidated damages in an amount equal to the minimum wages unlawfully unpaid, interest thereon and reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a). Plaintiff and the other members of the Class further request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against Defendants, in a sum as provided by the California Labor Code, including § 558, and/or other applicable statutes.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY WAGES AND OVERTIME UNDER LABOR CODE § 510

### (Against All Defendants)

53.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

54.    California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a

1    claim with the Division of Labor Standards and Enforcement.

2          55.    By their conduct, as set forth herein, Defendants violated California Labor Code §

3    510 (and the relevant orders of the Industrial Welfare Commission) by failing to pay Class

4    Members: (a) time and one-half their regular hourly rates for hours worked in excess of eight (8)

5    hours in a workday or in excess of forty (40) hours in any workweek or for the first eight (8) hours

6    worked on the seventh day of work in any one workweek; or (b) twice their regular rate of pay for

7    hours worked in excess of twelve (12) hours in any one (1) day or for hours worked in excess of

8    eight (8) hours on any seventh day of work in a workweek.

9          56.    Defendants had a consistent policy of not paying Class Members wages for all

10   hours worked, including by requiring off the clock work as addressed above. Defendants, and each

11   of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain

12   employees' hours, including Plaintiff's, in order to avoid paying Class Members all earned and

13   owed straight time and overtime wages and other benefits, in violation of the California Labor

14   Code, the California Code of Regulations and the IWC Wage Orders and guidelines set forth by

15   the Division of Labor Standards and Enforcement. Therefore, Class Members were not properly

16   compensated, nor were they paid overtime rates for hours worked in excess of eight hours in a

17   given day, and/or forty hours in a given week. Based on information and belief, Defendants did

18   not make available to Class Members a reasonable protocol for correcting time records when Class

19   Members worked overtime hours or to fix incorrect time entries.

20         57.    Defendants' failure to pay Class Members the unpaid balance of regular wages

21   owed and overtime compensation, as required by California law, violates the provisions of Labor

22   Code §§ 510 and 1198, and is therefore unlawful.

23         58.    Additionally, Labor Code § 558(a) provides "any employer or other person acting

24   on behalf of an employer who violates, or causes to be violated, a section of this chapter or any

25   provisions regulating hours and days of work in any order of the IWC shall be subject to a civil

26   penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each

27   pay period for which the employee was underpaid in addition to an amount sufficient to recover

28   underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each

underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law." Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class Members seek the remedies set forth in Labor Code § 558.

59.    Defendants' failure to pay compensation in a timely fashion also constituted a violation of California Labor Code § 204, which requires that all wages shall be paid semimonthly. From four (4) years prior to the filing of this lawsuit to the present, in direct violation of that provision of the California Labor Code, Defendants have failed to pay all wages and overtime compensation earned by Class Members. Each such failure to make a timely payment of compensation to Class Members constitutes a separate violation of California Labor Code § 204.

60.    Class Members have been damaged by these violations of California Labor Code §§ 204 and 510 (and the relevant orders of the Industrial Welfare Commission).

61.    Consequently, pursuant to the California Labor Code, including Labor Code §§ 204, 510, 558, and 1194, and the applicable IWC Wage Order, paragraph 3(A) and 4(B), Defendants are liable to Class Members for the full amount of all their unpaid wages and overtime compensation, with interest, plus their reasonable attorneys' fees and costs, as well as the assessment of any statutory penalties against Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY REPORTING TIME PAY

### (Against all Defendants)

62.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

63.    Section 5(A) of the applicable Wage Order(s), requires that for "[E]ach workday an

employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

64.     As addressed in detail above, Defendants followed a uniform policy of failing to pay reporting time pay on in accordance with the applicable IWC Wage Order requirements. For example, Defendant required Class Members to report for regularly scheduled work day to be told whether work was available for them or not, and when there was no work available, Class Members would be sent home after waiting for as many as several hours. On such days when Defendant required Class Members to report to work only to be sent home because work was not available, they were not paid required reporting time wages for the hours they waited without receiving their regular hourly rate of pay for them. When they were thereafter sent home by Defendants because work was not available on that day, Defendant failed to pay them reporting time pay.

65.     Plaintiff brings this claim for failure to pay reporting time pay as required by Section 5 of the applicable IWC Wage Orders pursuant to California Labor Code §1198, which instructs that: "the maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

66.     Reporting time pay constitutes wages that remain unpaid to Plaintiff and the Class members, despite the fact that they were required by Defendants to report for work and were under Defendants' control during these times and were unable to use their time for their own purposes. The failure to pay for reporting time pay is a violation of the California wage orders and is a failure to pay all wages owed, which is a violation of Labor Code §1198.

67.     Under Section 20(A) of the applicable IWC Wage Orders, Plaintiff and the Class members are entitled to recover civil penalties, in addition to other penalties, for each underpaid Employee for violation of Section 5 of the IWC Wage Orders in the amount of $50 for the initial

1   violation and $100 for subsequent violations during each relevant pay period when Defendants

2   failed to pay reporting time pay. These reporting time pay violations also give rise to violations of

3   Labor Code §§ 203, 226, and under the PAGA.

4        68.     Accordingly, Plaintiff seeks to recover unpaid reporting time pay which Defendants

5   failed to pay Plaintiff and the Class members pursuant to Sections 5(A) and 20(A) of the

6   applicable IWC Wage Orders and civil penalties and attorneys' fees and costs as may be

7   authorized.

8                  **FOURTH CAUSE OF ACTION**

9              **VIOLATION OF <u>LABOR CODE</u> § 226(a)**

10                 **(Against All Defendants)**

11        69.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in

12   full herein.

13        70.     California <u>Labor Code</u> § 226(a) requires an employer to furnish each of his or her

14   employees with an accurate, itemized statement in writing showing the gross and net earnings,

15   total hours worked, and the corresponding number of hours worked at each hourly rate; these

16   statements must be appended to the detachable part of the check, draft, voucher, or whatever else

17   serves to pay the employee's wages; or, if wages are paid by cash or personal check, these

18   statements may be given to the employee separately from the payment of wages; in either case the

19   employer must give the employee these statements twice a month or each time wages are paid.

20        71.     Defendants failed to provide Class Members with accurate itemized wage

21   statements in writing, as required by the <u>Labor Code</u>. Specifically, the wage statements given to

22   Class Members failed to accurately account for unpaid wages and overtime because their actual

23   hours worked were under-reported due to off the clock work and also because Defendants failed to

24   pay them for reporting time pay.

25        72.     Throughout the liability period, Defendants intentionally failed to furnish to Class

26   Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages

27   earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any

28   applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the

inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements. Defendants knowingly and intentionally failed to provide Class Members with such timely and accurate wage and hour statements.

73.     Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the accurate wage and hour statements as required by law and are presumed to have suffered injury and be entitled to penalties under Labor Code § 226(e), as the Defendants have failed to provide wage statements with accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number. For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

74.     Therefore, as a direct and proximate cause of Defendants' violation of Labor Code § 226(a), Class Members suffered injuries, including among other things confusion over whether they received all wages owed them, the difficulty and expense involved in reconstructing pay records, and forcing them to make mathematical computations to analyze whether the wages paid in fact compensated them correctly for all hours worked.

75.     Pursuant to Labor Code §§ 226(a) and 226(e) and 1174, and the applicable IWC

Wage Order, paragraph 7(B), Class Members are entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000). They are also entitled to an award of costs and reasonable attorneys' fees.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF <u>LABOR CODE</u> § 203**

**(Against All Defendants)**

76.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

77.     Numerous Class Members, including Plaintiff, are no longer employed by Defendants; they either quit Defendants' employ or were fired therefrom.

78.     Defendants failed to pay these Class Members all wages due and certain at the time of termination or within seventy-two (72) hours of resignation.

79.     The wages withheld from these Class Members by Defendants remained due and owing for more than thirty (30) days from the date of separation from employment.

80.     Defendants failed to pay Class Members without abatement, all wages as defined by applicable California law. Specifically, Defendants failed to pay Plaintiff for all wages due and certain at the time of his termination in compliance with <u>Labor Code</u> §§ 201-203. Instead, Defendants waited until the next scheduled pay date to give Plaintiff his final check which was two weeks after he had been terminated. Upon information and belief, Defendants implemented the same policy and procedure for Class Members as well. Additionally, these Class Members were not paid all regular and overtime wages because Defendants failed to pay for all hours worked including for reporting time pay and also for off the clock work . Defendants' failure to pay said wages within the required time was willful within the meaning of <u>Labor Code</u> § 203.

81.     Defendants' failure to pay wages, as alleged entitles these Class Members to penalties under <u>Labor Code</u> § 203, which provides that an employee's wages shall continue until paid for up to thirty (30) days from the date they were due.

# SIXTH CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 204

### (Against All Defendants)

82.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

83.    Labor Code § 204 instructs that: "All wages, …earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month." Additionally, the requirements of this section shall be deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days following the close of the payroll period." As detailed above, Defendants maintained a consistently applied policy and practice of not paying all wages earned between the 1st and 15th days of a month between the 16th and 26th day and failed to pay all wages earned between the 16th and the last day of the month between the 1st and 10th day of the following month. Defendants similarly failed to pay all wages earned by not more than seven calendar days following the close of the payroll period. These failures all arose from Defendants' failure to pay for all hours worked.

84.    All wages due and owing to Plaintiff and the Class Members, including as required under Labor Code § 510, were therefore not timely paid by Defendants, as addressed in detail above. Additionally, wages required by Labor Code § 1194 and other sections became due and payable to each Class Member in each pay period that he or she was not provided with a meal period or rest period or paid straight or overtime wages or commissions to which he or she was entitled.

85.    Defendants thus violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code, as addressed above. Additionally, under paragraph 4(B) of the

applicable IWC Wage Orders, employers are required "to pay each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period, …" Under Labor Code § 1198, "[t]he employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful." Plaintiff and the Class Members may therefore pursue damages and penalties for violations of Labor Code § 204 and paragraph 4(B) of the applicable IWC Wage Orders, including penalties under paragraph 20 of the applicable IWC Wage Orders.

86.    As a result of the unlawful acts of Defendants, Plaintiff and Class Members seek to represent they have been deprived of wages in amounts to be determined at trial, and they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5, 1194 and 1198, and paragraphs 4(B) and 20 of the applicable IWC Wage Orders.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO KEEP REQUIRED PAYROLL RECORDS UNDER LABOR CODE § 1174 AND 1174.5**

**(Against All Defendants)**

87.    Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

88.    California Labor Code § 1174 requires that all employers shall keep accurate time and wage records for all employees. California Labor Code § 1174.5 further requires that any employee suffering injury due to a willful violation of the aforementioned obligations may seek damages, including civil penalties, from the employer.

89.    During the course of Plaintiff's and Class Members' employment, Defendants consistently failed to maintain accurate time and wage records for Plaintiff and Class Members as required by California Labor Code § 1174 by failing to pay Plaintiff and Class Members proper wages, overtime, and premium pay as discussed above.

90.    Accordingly, Defendants are liable for civil penalties pursuant to the California Labor Code § 1174.5 for the three (3) years prior to the filing of this Complaint.

**EIGHTH CAUSE OF ACTION**

**REIMBURSEMENT OF NECESSARY EXPENDITURES UNDER <u>LABOR CODE</u> § 2802**

**(Against All Defendants)**

91.     Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full herein.

92.     Under <u>Labor Code</u> § 2802(a) an employer must indemnify its employees for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

93.     Defendants have regularly required Class Members to incur business expenses in the course of performing their required job duties for Defendants, namely, the cost of cellular telephone services which Class Members were required to use in order to execute their duties under Defendants' employ. These expenses incurred by Class Members were necessary and required of them in performing their assigned job duties, but Defendants failed to reimburse Class Members for all such necessary expenditures. Class Members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to <u>Labor Code</u> § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

94.     As a result of the unlawful acts of Defendants, Class Members have been deprived of reimbursement in amounts to be determined at trial; they are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs.

**NINTH CAUSE OF ACTION**

**VIOLATION OF <u>BUSINESS & PROFESSIONS CODE</u> § 17200 *ET SEQ*.**

**(Against All Defendants)**

95.     Plaintiff re-alleges and incorporates all preceding paragraphs, as though set forth in full herein.

96.     Plaintiff, on behalf of himself, Class Members, and the general public, brings this claim pursuant to <u>Business & Professions Code</u> § 17200 *et seq*. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Class

FIRST AMENDED CLASS ACTION COMPLAINT

Members and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

97.     Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

98.     Business & Professions Code § 17200 *et seq*. prohibits unlawful and unfair business practices. By the conduct alleged herein, Defendants' practices were deceptive and fraudulent in that Defendants' policy and practice and failed to adequately compensate Class Members for all hours worked, due to systematic business practices as alleged herein that cannot be justified, pursuant to the applicable California Labor Code and Industrial Welfare Commission requirements in violation of California Business and Professions Code §§ 17200, *et seq.,* and for which this Court should issue injunctive and equitable relief, pursuant to California Business & Professions Code § 17203, including restitution of wages wrongfully withheld.

99.     Wage-and-hour laws express fundamental public policies. Paying employees their wages and overtime, etc., are fundamental public policies of California. Labor Code § 90.5(a) articulates the public policies of this State vigorously to enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower costs to themselves by failing to comply with minimum labor standards.

100.    Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 *et seq*.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

101.    Defendants' conduct, as alleged above, constitutes unfair competition in violation of the Business & Professions Code § 17200 *et seq*.

102.    Defendants, by engaging in the conduct herein alleged, by failing to pay wages and

1    overtime, etc., either knew or in the exercise of reasonable care should have known that their

2    conduct was unlawful; therefore their conduct violates the <u>Business & Professions Code</u> § 17200

3    *et seq.*

4        103.    By the conduct alleged herein, Defendants have engaged and continue to engage in

5    a business practice which violates California and federal law, including but not limited to, the

6    applicable Industrial Wage Order(s), the California Code of Regulations, and the California <u>Labor</u>

7    <u>Code</u> including Sections 203, 204, 226, 1194, 1197, and 1198, for which this Court should issue

8    declaratory and other equitable relief pursuant to California <u>Business & Professions Code</u> § 17203

9    as may be necessary to prevent and remedy the conduct held to constitute unfair competition,

10   including restitution of wages wrongfully withheld.

11       104.    As a proximate result of the above-mentioned acts of Defendants, Class Members

12   have been damaged, in a sum to be proven at trial.

13       105.    Unless restrained by this Court Defendants will continue to engage in such

14   unlawful conduct as alleged above. Pursuant to the <u>Business & Professions Code</u>, this Court

15   should make such orders or judgments, including the appointment of a receiver, as may be

16   necessary to prevent the use by Defendants or their agents or employees of any unlawful or

17   deceptive practice prohibited by the <u>Business & Professions Code</u>, including but not limited to the

18   disgorgement of such profits as may be necessary to restore Class Members to the money

19   Defendants have unlawfully failed to pay.

20                          **TENTH CAUSE OF ACTION**

21          **PENALTIES PURSUANT TO <u>LABOR CODE</u> § 2698, *ET SEQ.***

22                          **(Against All Defendants)**

23       106.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in

24   full herein.

25       107.    Plaintiff and the Class Members are also aggrieved employees as defined under

26   Labor Code § 2699(c) in that they suffered the violations alleged in this Complaint and either were

27   or are employed by the alleged violators, Defendants.

28       108.    In failing to pay Aggrieved Employees minimum wages and overtime, failing to

provide accurate itemized wage statements, and failing to pay Aggrieved Employees wages upon termination or timely upon resignation, all discussed above, Defendants failed to timely pay Aggrieved Employees wages on a semimonthly basis as required under Labor Code § 204. Defendants also failed to maintain records showing accurate hours worked daily and the wages paid to Aggrieved Employees, as required by Labor Code § 1174 and paragraph 7 of the applicable IWC Wage Orders.

109.     As such, Class Members seek penalties under Labor Code §§ 2698 and 2699 for Defendants' violation of Labor Code provisions included under Labor Code § 2699.5, including the penalty provisions, without limitation, based, *inter alia*, on the following California Labor Code sections: 201, 202, 203, 204, 226, 226.3, 510, 558, 1174, 1174.5, 1185, 1194, 1194.2, 1197, 1199, 2802, 2698, and 2698 *et seq*.

110.     More specifically, after complying with the notice procedures of Labor Code § 2699.3, Plaintiff asserts, as a representative action on behalf of the California Attorney General and the other similarly Aggrieved Employees, a PAGA claim for violations of the above addressed underlying claims and seeking penalties as specified by the applicable corresponding provisions, including as follows:

(a)     Wage Claims: For failure to provide Plaintiff and the Aggrieved Employees all earned regular pay and minimum wages for regular hours worked and for failure to pay overtime premium wages for overtime hours worked under Labor Code §§ 226.2, 510, 1194(a), 1197, and 1198, and paragraphs 2(K), 3(A), 4(A), 4(B) and 20 of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable under Labor Code §§ 510, 558, 1194.2, 1197.1, 1199, 2699(f)(2), and 2699.5, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1);

(b)     Inaccurate Wage Statements and Failure to Maintain Records: For failure to provide Plaintiff and the Aggrieved Employees with accurate, itemized wage statements and failure to maintain employment records for Plaintiff and Aggrieved Employees under Labor Code §§ 226, 1174, and 1198.5, and Sections 7(A), 7(B), and 7(C) of the applicable IWC Wage Order(s) seeking all civil and statutory penalties available and applicable under Labor Code §§ 226(e), 226.3, 558,

1174.5, 1199, and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Order, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1). More specifically, by providing inaccurate wage statements and failing to maintain records as required under Labor Code § 226(a), Defendants committed ongoing violations giving rise to civil penalties under Labor Code §226.3, which in addition to other penalties provided by law, subjects Defendants to "a penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, …";

(c)    Failure to Timely Pay Wages: For failure to timely pay all wages owed, including at least semi-monthly and upon separation or termination, under Labor Code §§ 201, 201, 203, 204, 226.2, 1197.5, 2926, and 2927 seeking all civil penalties available under Labor Code §§ 201, 202, 203, 210, 558, 1197, 1198, 1199 and 2699(f)(2), and paragraph 20 of the applicable IWC Wage Orders, and also for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1); and

(d)    All Alleged Violations of the IWC Wage Orders:  For any above addressed violation of the applicable provisions of the IWC Wage Orders, each of which constitute separate violations of Labor Code § 1198 and Labor Code § 2699.5, and seeking penalties available and applicable under Labor Code § 2699(f)(2) and paragraph 20 of the applicable IWC Wage Orders, and for attorneys' fees and costs pursuant to Labor Code § 2699(g)(1).

111.    The penalties shall be allocated under Labor Code § 2699(i) as follows: 75% to the Labor and Workforce Development Agency (LWDA) and 25% to the affected employees.

112.    As also addressed above, Plaintiff, on behalf of the Aggrieved Employees, also seeks the penalties set forth in Labor Code § 558, which states:

(a)    Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(b)    If upon inspection or investigation the Labor Commissioner determines that a person had paid or caused to be paid a wage for overtime work in violation of any provision of this chapter, or any provision regulating hours and days of work in any order of the Industrial Welfare Commission, the Labor Commissioner may issue a citation. The procedures for issuing, contesting, and enforcing judgments for citations or civil penalties issued by the Labor

Commissioner for a violation of this chapter shall be the same as those set out in Section 1197.1.

(c)    The civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law.

113.    Plaintiff has exhausted his administrative remedy by sending a certified letter to the LWDA and Defendants postmarked on **January 31, 2020** addressing in detail the specific provisions of the Labor Code Defendants have violated and addressing the facts and legal theories to support the alleged violations. A true and correct copy of the **January 31, 2020** Notice to the LWDA and the Defendants is attached hereto as **Exhibit A**, and is expressly incorporated into this Complaint as if set forth in full The LWDA has not provided notice of its intent to investigate the alleged violations within 65 calendar days of the postmark date of the letter, and Plaintiff adds this claim seeking penalties under the PAGA for the violations addressed herein and in the PAGA Notice letter and the original Complaint.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for the following relief:

1.    For an order certifying this action as a class action;

2.    For compensatory damages in the amount of the unpaid minimum wages for work performed by Class Members and unpaid overtime compensation from at least four (4) years prior to the filing of this action, as may be proven;

3.    For liquidated damages in the amount equal to the unpaid minimum wage and interest thereon, from at least four (4) years prior to the filing of this action, according to proof;

4.    For compensatory damages in the amount of all unpaid wages, including overtime and double-time pay, as may be proven;

5.    For penalties pursuant to Labor Code § 226(e) for Class Members, as may be proven;

6.    For penalties pursuant to Labor Code § 203 for all Class Members who quit or were fired in an amount equal to their daily wage times thirty (30) days, as may be proven;

7.    For restitution and/or damages for all amounts unlawfully withheld from the wages for all class members in violation of Labor Code § 204, as may be proven;

8.    For restitution and/or damages for all amounts unlawfully withheld from the wages for all Class Members in violation of <u>Labor Code</u> § 2802, as may be proven;

9.    For restitution for unfair competition pursuant to <u>Business & Professions Code</u> § 17200 *et seq.*, including disgorgement or profits, as may be proven;

10.    For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this Complaint;

11.    For penalties pursuant to Labor Code § 2698 *et seq.*, as may be proven;

12.    For other wages and penalties under the <u>Labor Code</u> as may be proven;

13.    For other wages and penalties under the <u>Labor Code</u> as may be proven;

14.    For all general, special, and incidental damages as may be proven;

15.    For an award of pre-judgment and post-judgment interest;

16.    For an award providing for the payment of the costs of this suit;

17.    For an award of attorneys' fees; and

18.    For such other and further relief as this Court may deem proper and just.

DATED: July 22, 2021                    DAVID YEREMIAN & ASSOCIATES, INC.

By: _____
David Yeremian
Natalie Haritoonian
Attorneys for Plaintiff ANTHONY COE, and
all others similarly situated

- 29 -

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

3

4    DATED: July 22, 2021                    DAVID YEREMIAN & ASSOCIATES, INC.

5

6                                     By:_____

7                                     David Yeremian
                                      Natalie Haritoonian
8                                     Attorneys for Plaintiff ANTHONY COE, and
                                      all others similarly situated

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED CLASS ACTION COMPLAINT